United States District Court
Southern District of Texas

**ENTERED**

April 23, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| J.B. Black, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action H-25-5934 |
| | § | |
| TransUnion LLC and | § | |
| Experian Information Solutions, | § | |
| Inc., | § | |
| *Defendants.* | § | |

**MEMORANDUM AND RECOMMENDATION
AND ORDER**

Although this case has been pending for several months, and there are now eleven motions pending, this case has just recently been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF No. 70. The court addresses the motions in turn.

This case is brought under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, *et seq.* ECF No. 5. Plaintiff complains that, after a data breach, Defendants "suppressed" his credit file and failed to make it available to third parties, thus causing his credit to suffer. *Id.*

Plaintiff filed his Original Complaint on December 10, 2025. ECF No. 1. He amended his complaint once as of right on December 17, 2025. ECF No. 5 (First Amended Complaint). On December 24, 2025, Plaintiff filed a motion for leave to file a second amended complaint, ECF No. 11, along with his proposed second amended complaint, ECF No. 12. On January 20, 2026, TransUnion LLC (TransUnion) filed a Motion to Dismiss Plaintiff's First Amended Complaint. ECF No. 32. In response to the Motion to Dismiss, Plaintiff notes that he has requested leave

to amend and that the motion has not been ruled on. ECF No. 34 at 1.

The court **GRANTS** Plaintiff's Motion for Leave to Amend, ECF No. 11, but it does not accept the proposed complaint, ECF No. 12, as the live pleading. Instead, by **May 8, 2026**, Plaintiff is **ORDERED** to file an amended complaint that addresses all of the deficiencies identified in TransUnion's Motion to Dismiss. Further leave to amend to address deficiencies already identified will be denied. Once Plaintiff has filed the amended complaint, Defendants shall move or answer within the time allotted by the Federal Rules of Civil Procedure. TransUnion's Motion to Dismiss, ECF No. 32, is **DENIED as moot**. Plaintiff's motion to file a sur-reply, ECF No. 47, is also **DENIED as moot**.

TransUnion filed a Motion to Stay Discovery Pending Ruling on the Motion to Dismiss. ECF No. 36. The Motion is **GRANTED**. Discovery is hereby **STAYED** pending the court's ruling on any Rule 12 motion that Defendants may file in response to the forthcoming amended complaint. Furthermore, the current Scheduling Order, ECF No. 67, is **VACATED**. All court settings are canceled. The court will set another schedule, as needed, after it rules on any Rule 12 motions that are filed.

Because the court has stayed discovery, all pending motions pertaining to discovery—ECF Nos. 27, 39, 55, 58—are **DENIED**. In response to one such discovery motion, Experian Information Solutions, Inc. (Experian) requests fees pursuant to Federal Rule of Civil Procedure 37(a)(5)(B). ECF No. 66. Because Experian has failed to submit any information from which the court can calculate attorney's fees, its Motion for Fees, ECF No. 66, is **DENIED**.

2

Plaintiff moved for entry of default against Experian for failure to timely respond to the Original Complaint. ECF No. 16. Under Federal Rule of Civil Procedure 55(a), the clerk must enter default against a party that has failed to plead or otherwise defend. The court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). Additionally, under Rule 6(b), courts may extend the time to answer for good cause and excusable neglect. In its response to Plaintiff's motion, Experian argues that its answer was not late because it answered within twenty-one days of the filing of the First Amended Complaint. ECF No. 41. In any event, Experian's Answer to the First Amended Complaint was filed less than a week after the deadline to answer Plaintiff's Original Complaint. It is clear that Experian was acting in response to Plaintiff's First Amended Complaint, not Plaintiff's Original Complaint. Experian has now appeared in the case and is defending itself. Were default to be entered, the court would find good cause to set it aside under Rule 55(c). Therefore, the Clerk of Court is **ORDERED** to refrain from entering default against Experian. Plaintiff's motion for entry of default, ECF No. 16, is **DENIED**.

Plaintiff filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction. ECF No. 40. The FCRA does not allow private litigants to obtain injunctive relief. *Washington v. CSC Credit Servs., Inc.*, 199 F.3d 263, 268–69 (5th Cir. 2000). Accordingly, the court **RECOMMENDS** that Plaintiff's request for emergency injunctive relief, ECF No. 40, be **DENIED**. The accompanying request for expedited hearing on the Emergency Motion, ECF No. 38, is **DENIED as moot**.

3

With respect to the court's recommendation that Plaintiff's Emergency Motion, ECF No. 40, be denied, the parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on April 23, 2026.

_____
Peter Bray
United States Magistrate Judge

4